## Martella v. Emergency Medical Associates, Ltd.

On May 11, 1978, defendant Methodist Hospital filed a motion for summary judgment and memorandum in support thereof. On May 10, 1978, plaintiff filed a response to defendant's motion and memorandum in opposition to the motion. On June 1, 1978, defendant Methodist Hospital filed a response to plaintiff's memorandum.

In moving for summary judgment, defendant hospital asserts that it entered into a contractual agreement with defendant Emergency Medical Associates, Ltd., hereinafter referred to as EMA, whereby EMA agreed to manage and operate the professional activities of the emergency department of defendant hospital. Defendant hospital alleges that Dr. McGuigan and the other physicians involved acted as independent contractors in the employ of EMA and that Nurse Aichele acted under the doctors' supervision and control. Defendant hospital alleges it cannot be held responsible for the negligence of an independent contractor under the doctrine of respondeat superior.

Plaintiff alleges it is a question of fact whether Dr. McGuigan acted as an agent or an independent contractor. Plaintiff alleges an agency by estoppel was created by the hospital's leading the public to believe Dr. McGuigan was acting on its behalf.

In ruling on a motion for summary judgment, we consider "the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, if any." Pa.R.C.P. 1035. Plaintiff, in paragraph four of her complaint, alleges joint control of the personnel in the emergency room by both EMA and defendant hospital. The terms of the contract between EMA and defendant hospital, marked "exhibit A" and attached to defendant's motion, show that a large degree of interaction exists between defendant hospital and EMA in providing services. For example, paragraph (1)(g) of the contract provides for the appointment of a liaison physician for coordination purposes and paragraph (1)(c) provides that the hospital must provide facilities, equipment, supplies and nursing and other personnel, other than physicians. The contract also provides for a system of review in paragraph three.

Summary judgment can only issue where there is no genuine issue as to any material fact: Pa.R.C.P. 1035(b). It is a question of fact as to how much control the defendant hospital exercised or had the right to exercise in relation to the alleged negligenct actions.

"Summary judgment may be granted only in the 'clearest of cases' after examining the record in the light most favorable to the nonmoving party, including the benefit of all reasonable inferences

to be drawn. Summary judgment is proper only if the moving party would be entitled to binding instructions at the trial." 2 Goodrich-Amram 2d §1035(b):3, pp. 431-432.

We also find some support for plaintiff's position that, because the hospital allegedly appeared to the public to provide the emergency room services, it can be held responsible for negligence committed by its apparent employes. In Brown v. Moore, 247 F. 2d 711 (3d Cir. 1957), the court stated at 719-720:

"We are of the opinion that where there has been a *holding out, a representation* to a patient or to his family as members of the public, that medical treatment is to be administered in a private hospital or sanitarium by a doctor employed therein, the Courts of the Commonwealth of Pennsylvania would apply the doctrine of *respondeat superior* and hold the owners or operators of the sanitarium liable for the malpractice of the doctor. In other words Doctor Kelly could be regarded as having the status of an independent contractor in his relation to the partners in the Sanitarium but in his relation to Brown would be deemed an employee of the Sanitarium."

The pleadings present a material issue of fact as to the hospital's control over EMA. There is a possibility also that the doctrine of respondeat superior may apply to this situation, even if EMA is deemed to be an independent contractor, since plaintiff alleges that EMA appeared to the public to be an employe of the hospital. Therefore, we do not find it appropriate to grant summary judgment.

## ORDER

And now, August 2, 1978, upon consideration of defendant Methodist Hospital's motion for summary judgment, plaintiff's response, and their respective memorandum and response thereto, it is hereby ordered and decreed that defendant's motion is denied.